IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No.: 3:17CR135 |
| Plaintiff, | : | JUDGE WALTER H. RICE |
| v. | : | |
| KEVIN ANTWON McCLESKEY, | : | |
| Defendant. | : | |

**PRELIMINARY ORDER OF FORFEITURE
OF PROPERTY AS TO DEFENDANT KEVIN ANTWON McCLESKEY**

Upon the Motion of the United States for a Preliminary Order of Forfeiture, and the Court's review of the evidence in the record, the Court HEREBY FINDS THAT:

1. The Defendant pled guilty to Count 1 of the Information charging him with Mail Fraud, in violation of 18 U.S.C. § 1341 and Count 2 of the Information charging him with Manufacturing Counterfeit Currency, in violation of 18 U.S.C. § 471, and agreed to the immediate forfeiture, pursuant to:

   a) 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), of any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1341;

   b) 18 U.S.C. § 982(a)(2)(B), of any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of a violation of 18 U.S.C. § 471; and

   c) 18 U.S.C. § 492 and 28 U.S.C. § 2461(c), of all counterfeits of any coins or obligations or other securities of the United States or of any foreign government, or any articles, devices, and other things made, possessed, or used in a violation of

18 U.S.C. § 471, or any material or apparatus used or fitted or intended to be used, in the making of such counterfeits, articles, devices or things found in the possession of the defendant without authority from the Secretary of the Treasury or other proper officer.

2. The Defendant specifically agreed that the following property (hereinafter "Subject Property") was subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), 18 U.S.C. § 982(a)(2)(B), and 18 U.S.C. § 492 and 28 U.S.C. § 2461(c):

   a) 2014 Cadillac ELR, VIN: 1G6RM1E47EU600515;
   b) Apple iPhone 6S Plus, SN: C39RR2HXGRX8;
   c) Apple iPhone 6S Plus, SN: C39RR1PJGRX8;
   d) Apple iPhone S, SN: F2LQP5PDGRX8;
   e) Apple iPhone 6, SN: 359232062920216;
   f) Samsung Cell Phone SMN900A Galaxy Note 3, SN: R38F4127SDD;
   g) HP Printer 6500A All in One with cables, SN: CN 1862440Y;
   h) Apple Airport Time Capsule Model A1470;
   i) Arris Wireless Router with Cable Model DG860A, SN: DASBSS65G182030;
   j) Apple Trackpad Model A1339;
   k) Tile Bluetooth Tracker Model T1003;
   l) Apple Desktop Model A1419, SN: C02NF87FF, w/keyboard, cables & mouse;
   m) Apple MacBook Pro with cables Model A1398, SN: C02NH028G3QC;
   n) Apple iPadPro, SN: DLXRH4WSGMW6;
   o) Apple A1600, SN: F4KN95VLG5Y4;
   p) Samsung Galaxy Tab 4 Model SM-T337A, SN: R52GB26Y1SR;
   q) Samsung Plasma TV model UN65F6300AF, SN: Z6UJ3CBDC01404J;
   r) Fargo HID Color Card Printer Model DTC4500e, SN: B5260557;
   s) Swingline Paper Cutter model 9315;
   t) iKonix HP-5040H High Pressure Flat Heat Press Machine;
   u) Tipping Machine Model TJ-90A;
   v) Card Reader/Writer/Encoder Model MSR X6; and
   w) Embossing Machine.

3. The Defendant has an interest in the Subject Property.

4. The Subject Property is forfeitable pursuant to:

a) 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), as any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1341;

b) 18 U.S.C. § 982(a)(2)(B), as any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of a violation of 18 U.S.C. § 471; and

c) 18 U.S.C. § 492 and 28 U.S.C. § 2461(c), as all counterfeits of any coins or obligations or other securities of the United States or of any foreign government, or any articles, devices, and other things made, possessed, or used in a violation of 18 U.S.C. § 471, or any material or apparatus used or fitted or intended to be used, in the making of such counterfeits, articles, devices or things found in the possession of the defendant without authority from the Secretary of the Treasury or other proper officer.

5. The United States has established the requisite nexus between the Subject Property and the Defendant's offenses.

THEREFORE, IT IS HEREBY ORDERED THAT:

6. The Defendant shall hereby forfeit pursuant to:

a) 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1341;

b) 18 U.S.C. § 982(a)(2)(B), any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of a violation of 18 U.S.C. § 471; and

c) 18 U.S.C. § 492 and 28 U.S.C. § 2461(c), all counterfeits of any coins or

obligations or other securities of the United States or of any foreign government, or any articles, devices, and other things made, possessed, or used in a violation of 18 U.S.C. § 471, or any material or apparatus used or fitted or intended to be used, in the making of such counterfeits, articles, devices or things found in the possession of the defendant without authority from the Secretary of the Treasury or other proper officer.

7. Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), 18 U.S.C. § 982(a)(2)(B), and 18 U.S.C. § 492 and 28 U.S.C. § 2461(c), the following Subject Property is hereby forfeited:

a) 2014 Cadillac ELR, VIN: 1G6RM1E47EU600515;
b) Apple iPhone 6S Plus, SN: C39RR2HXGRX8;
c) Apple iPhone 6S Plus, SN: C39RR1PJGRX8;
d) Apple iPhone S, SN: F2LQP5PDGRX8;
e) Apple iPhone 6, SN: 359232062920216;
f) Samsung Cell Phone SMN900A Galaxy Note 3, SN: R38F4127SDD;
g) HP Printer 6500A All in One with cables, SN: CN 1862440Y;
h) Apple Airport Time Capsule Model A1470;
i) Arris Wireless Router with Cable Model DG860A, SN: DASBSS65G182030;
j) Apple Trackpad Model A1339;
k) Tile Bluetooth Tracker Model T1003;
l) Apple Desktop Model A1419, SN: C02NF87FF, w/keyboard, cables & mouse;
m) Apple MacBook Pro with cables Model A1398, SN: C02NH028G3QC;
n) Apple iPadPro, SN: DLXRH4WSGMW6;
o) Apple A1600, SN: F4KN95VLG5Y4;
p) Samsung Galaxy Tab 4 Model SM-T337A, SN: R52GB26Y1SR;
q) Samsung Plasma TV model UN65F6300AF, SN: Z6UJ3CBDC01404J;
r) Fargo HID Color Card Printer Model DTC4500e, SN: B5260557;
s) Swingline Paper Cutter model 9315;
t) iKonix HP-5040H High Pressure Flat Heat Press Machine;
u) Tipping Machine Model TJ-90A;
v) Card Reader/Writer/Encoder Model MSR X6; and
w) Embossing Machine.

8.	The Defendant having agreed to the immediate forfeiture of the Subject Property, this Preliminary Order of Forfeiture is final as to the Defendant and shall be made part of the sentence and included in the judgment. This order remains preliminary as to third parties until the ancillary proceeding is concluded.

9.	The United States is authorized to seize the Subject Property, whether held by the defendant or a third party; conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture; and to commence proceedings that comply with any statutes and federal rules governing third party rights, in accordance with Fed. R. Crim. P. 32.2(b)(3).

10.	In accordance with the direction provided by the Attorney General and Federal Rule of Criminal Procedure 32.2(b)(6), the United States shall publish notice of this Preliminary Order of Forfeiture and send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding. Publication must take place as described in Supplemental Rule G(4)(a)(iii) of the Federal Rules of Civil Procedure, and may be by any means described in Supplemental Rule G(4)(a)(iv). Publication is unnecessary if any exception in Supplemental Rule G(4)(a)(i) applies.

11.	The notice must describe the forfeited property, state the times under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the Assistant United States Attorney to be served with the petition. The notice may be sent in accordance with Supplemental Rules G(4)(b)(iii)-(v) of the Federal Rules of Civil Procedure.

12.	Any person, other than the Defendant, filing a petition to contest the forfeiture of specific property, must sign the petition under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the

petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

13. If a third party files a petition asserting an interest in the Subject Property, the court will conduct an ancillary proceeding.

14. When the ancillary proceeding ends, the court will enter a final order of forfeiture by amending the preliminary order as necessary to account for any third-party rights. If no third party files a timely petition, this Preliminary Order of Forfeiture will become the Final Order of Forfeiture.

15. The United States shall have clear title to the Subject Property following the court's disposition of all third party interests, or if no third party petitions are timely filed, following the expiration of the period provided by statute for the filing of third party petitions.

16. The Court shall retain jurisdiction to enforce this order; and to amend it as necessary, pursuant to Fed. R. Crim P. 32.2(e).

Dated: 11-15-17

SO ORDERED:

_____
WALTER H. RICE
UNITED STATES DISTRICT JUDGE